**PACIFIC JUSTICE INSTITUTE**
PO Box 89517, Tucson AZ 85752
Phone: 520-740-1447/Fax: 520-829-3620
lgoar@pji.org
LYNN ERIC GOAR, ESQ. (S.B.A. #012484)
Attorney for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF STATE OF ARIZONA

| | |
|---|---|
| DEBORAH SCHUSTER, )<br><br>Plaintiff, )<br><br>v. )<br><br>PIMA COUNTY, )<br><br>Defendant. )<br>_____ ) | **C O M P L A I N T** |

Plaintiff complains and alleges as follows:

1.      Defendant is a political subdivision of the State of Arizona that has 54 separate departments and almost 7,000 employees. It operates throughout Pima County, Arizona.

2.      Plaintiff is a licensed fiduciary who was employed by Defendant as a Guardian Administrator from September 2019 to December 30, 2021, when she was placed on unpaid leave and ultimately terminated.

3.      In October 2021 Defendant instituted a policy mandatory Covid 19 vaccinations. Employees were given until December 31, 2021, to comply with the mandate or face adverse employment action up to and including termination.

4.      Defendant agreed to consider requests for religious exemptions from the vaccine mandate. Plaintiff timely submitted such a request which was granted by Defendant subject to Plaintiff being forced into another position. Plaintiff applied for numerous other positions within the County, but was never offered another job, resulting in her termination.

1

5.     From the beginning of the Covid 19 "pandemic" to the time that she was terminated, Plaintiff practiced all reasonable precautions as directed by the Defendant.

6.     Defendant could have reasonably accommodated Plaintiff's religious objections to taking the mandatory vaccine by keeping her in her position as Guardian Administrator but used the alleged accommodation that effectively terminated her employment as a pretext to discriminate and retaliate against her based on her sincerely held religious beliefs.

7.     Under 42 U.S.C. § 1983, anyone who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

8.     Under 42 U.S.C. § 1983, public bodies like Defendant can be held liable for civil rights violations that arise out of a governmental function.

9.     The U.S. Constitution's First Amendment, made applicable to states through the Fourteenth Amendment, prohibits public bodies from infringing on individuals' freedom of religion. The Fourteenth Amendment prohibits public bodies from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1 (emphasis added).

10.     Acting under color of state law, Defendant had a custom or policy of violating Plaintiff's constitutionally protected freedom of religion by effectively penalizing her for adhering to her sincere, religiously-based objections to receiving a COVID-19 vaccine by placing her on indefinite unpaid leave and ultimately terminating her employment. Notwithstanding any assertion the Defendant and others who acted on the Defendant's behalf

might make to the contrary, placement of Plaintiff on indefinite unpaid leave and termination was not an accommodation of Plaintiff's sincerely held religious beliefs concerning COVID-19 vaccines, but a de facto suspension for adhering to those convictions.

11.    Even assuming Defendant had a compelling interest in halting the spread of COVID-19 within its workforce, it could – and should – have reasonably accommodated Plaintiff's beliefs and allowed her to keep working with reasonable accommodations.

12.    Based on the foregoing, Defendant has deprived Plaintiff of her constitutionally protected freedom of religion.

13.    As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees.

WHEREFORE, Plaintiff demands Judgment against the Defendant as follows:

A.    For compensatory damages to compensate her for her injuries and damages (special and general);

B.    Pre-judgment interest on all liquidated damages, and post-judgment interest;

C.    For taxable court costs incurred herein and attorney's fees; and

D.    For other relief as this Court deems just and proper under the circumstances.

Dated: January 31, 2024.

**PACIFIC JUSTICE INSTITUTE**

/s/ *Lynn Goar*

LYNN ERIC GOAR